FILED
2016 OCT 4 AM 10:42
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PROGRESSIVE FINANCE HOLDINGS, LLC, a limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KELCIN, INC.,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:15-CV-00682<br><br>District Judge Bruce S. Jenkins |

On May 19, 2016, Kelcin, Inc. ("Kelcin") filed a Motion to Dismiss the Second Cause of Action for "Breach of Contract—Covenant of Good Faith and Fair Dealing" in the Second Amended Complaint for Failure to State a Claim ("Motion"). Progressive Finance Holdings, LLC ("Progressive") responded to this Motion on June 29, 2016 when it filed a Memorandum in Opposition (CM/ECF No. 30). Kelcin filed a Reply on July 18, 2016 (CM/ECF No. 32). The Motion was heard before the court on August 5, 2016 at 1:30 PM. Jason D. Boren appeared on behalf of Plaintiff Progressive. Jason R. Hull and Kevin M. Paulsen appeared on behalf of Defendant Kelcin.

For the reasons set forth below, after reviewing the arguments of counsel, the parties' memoranda, and the relevant legal authorities, Kelcin's Motion to Dismiss Breach of Covenant of Good Faith and Fair Dealing Claim for Failure to State a Claim is GRANTED.

## BACKGROUND

In April 2012, Kelcin and Progressive entered into a Sales Representative Agreement ("Kelcin-Progressive Contract").[1] To carry out its obligations under the Kelcin-Progressive Contract, Kelcin contracted with third-parties, including PSP (the "Kelcin-PSP Contract").[2] In 2013, Kelcin notified Progressive that PSP had attempted to work and negotiate with a Progressive competitor.[3]

While investigating the motivation behind PSP behavior, Progressive learned that Kelcin had wrongfully withheld payments from PSP.[4] Progressive asserts that Kelcin's wrongful withholding of payments to PSP was a material breach of the Kelcin-Progressive Contract because PSP was a significant contributor to the business.[5]

## LEGAL STANDARD

According to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff is obligated "to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

---

[1] Second Am. Compl., filed May 2, 2016 (CM/ECF No. 26), para. 5.
[2] In performance of the Kelcin-PSP Contract, Kelcin (i) engaged PSP to market, promote, and sell Progressive's lease/purchase program ("Program") on behalf of Kelcin; (ii) provided PSP access to Progressive's confidential proprietary information related to business practices, sales information, merchant stores, terms and pricing of contracts, and other Program information; and (iii) set up a system whereby PSP would provide approved and executed Progressive merchant applications and other information to Kelcin which Kelcin would then submit to Progressive as part of Kelcin's compensation under the 2012 Agreement. *See id.* at para. 17.
[3] *Id.* at para. 23.
[4] *Id.* at para. 26.
[5] *Id.* at paras 27–30.

The covenant of good faith and fair dealing creates "an implied duty that contracting parties refrain from actions that will intentionally destroy or injure the other party's right to receive the fruits of the contract." *Young Living Essential Oils, LC v. Marin*, 2011 UT 64, ¶ 9 (internal quotations omitted). "An implied covenant of good faith and fair dealing inheres in every contract." *Eggett v. Wasatch Energy Corp.*, 94 P.3d 193, 197 (Utah 2004).

In order to support a claim of breach under the implied covenant of good faith and fair dealing, one must demonstrate that the implied covenant is "based in a universally accepted obligation established through industry custom or the parties' course of dealing." *Young Living Essential Oils, LC*, 2011 UT at ¶ 11. Because courts have recognized a high bar for the application of this covenant, "no such covenant may be invoked [] if it would create obligations 'inconsistent with express contractual terms.'" *Id.* at ¶ 10.

## DISCUSSION

The Second Cause of Action for "Breach of Contract—Covenant of Good Faith and Fair Dealing" in the Second Amended Complaint does not meet the standard necessary to overcome the Motion to Dismiss for Failure to State a Claim. The primary issue is whether Progressive has alleged facts in its Second Amended Complaint that plausibly establish there is an industry standard or course of dealings between the two parties that supports Progressive's claim, i.e., Kelcin was required to fulfill its contractual obligations with its subcontractor PSP. In its Second Amended Complaint, Progressive states:

> Based on the parties' course of dealings and/or settled custom or usage of trade the parties undoubtedly would have agreed to the requirement that each party must pay the agents, employees, contractors, and subcontractors charged with fulfilling the terms of the contract if the parties had considered and addressed this issue. Indeed, paying employees, agents, contractors, and subcontractors

is a universal standard that is enshrined in the settled custom or usage of any trade.[6]

While this statement is a correct iteration of the standard necessary to establish a breach of the covenant, this assertion itself does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570 (2007). A complaint must "provide the 'grounds' of [] entitlement to relief' [which] requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 545. Progressive's statement is a recitation of the legal standard and does not provide facts that characterize the course of dealings between the parties or industry standard. Therefore, on the face of Progressive's allegations, it has not provided the grounds upon which it is entitled to relief under the Second Cause of Action for "Breach of Contract—Covenant of Good Faith and Fair Dealing" in the Second Amended Complaint.

Furthermore, even if the facts in the Second Amended Complaint are true, the Kelcin-Progressive Contract's express terms already address the subject matter of the implied covenant. In *Young Living Essential Oils, LC v. Marin*, 2011 UT 64, ¶ 10, the Utah Supreme Court reasoned that "[w]here the parties themselves have agreed to terms that address the circumstances that gave rise to their dispute, [] the court has no business in injecting its own sense of what amounts to 'fair dealing.'"

In this case, the implied covenant that Progressive asserts has been breached deals with the manner in which Kelcin is required to fulfill its obligations. However, Section 1.b of the Kelcin-Progressive Contract already addresses this topic: "[Kelcin], except as directed by [Progressive], shall determine the method, details, and means selling and promoting [*sic*] the

---

[6] Second Am. Compl., filed May 2, 2016 (CM/ECF No. 26), para. 15.

Product described above."[7] This clause allows Kelcin discretion concerning the manner through which it may fulfill its obligations, subject to Progressive's direction, if any.[8] Therefore, the parties have agreed to terms that address the manner in which Kelcin was required to fulfil its obligations, and thus the implied covenant cannot inject its own sense of what amounts to fair dealing.

Finally, the obligation that Kelcin pay PSP is an element of the Kelcin-PSP contract, not the Kelcin-Progressive Contract. Therefore, while Progressive alleges that Kelcin's behavior towards PSP harmed Progressive, characterizing this as an implied covenant of the Kelcin-Progressive Contract is misguided.

## CONCLUSION

For the foregoing reasons, Kelcin's Motion to Dismiss the Second Cause of Action for "Breach of Contract—Covenant of Good Faith and Fair Dealing" in the Second Amended Complaint for Failure to State a Claim is GRANTED.

DATED this 4th day of Oct., 2016.

Bruce S. Jenkins
United States District Judge

---

[7] Second Am. Compl., filed May 2, 2016 (CM/ECF No. 26), Exhibit A.
[8] In situations where a party is given discretion to "determine the method, details, and means" of fulling its obligations under a contract, the implied covenant requires that party to exercise discretion in an objectively reasonable manner. *Markham v. Bradley*, 2007 UT App 379, ¶¶ 19–21. This "serves to protect the other party from an inappropriate exercise of that discretion." *Cook Assocs. v. Utah Sch. & Inst.'l Trust Lands Admin.*, 2010 UT App 284, ¶ 27.